IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAZAK OPTONICS CORPORATION, )
)
      Plaintiff, )
)
  v. ) No. 17 C 1023
)
DOUG MARLETTE, et al., )
)
      Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant MG Laser, Inc.'s (MG) partial motion to dismiss. For the reasons stated below, the partial motion to dismiss is granted in part and denied in part.

## BACKGROUND

Defendant Doug Marlette (Marlette) was allegedly employed by Plaintiff Mazak Optonics Corporation. Mazak contends that it discovered that Marlette had for years been engaging in a covert scheme to provide a competitor MG Laser, Inc. (MG) with highly confidential and proprietary information from Mazak. Mazak contends that Marlette has violated the terms of the Non-Compete Agreement, Confidentiality Agreement, and Trade Secret Agreement (collectively referred to as

1

"Agreements") signed by Marlette. When Mazak discovered the alleged misconduct and confronted Marlette, he allegedly admitted to engaging in the ongoing scheme to funnel Mazak's trade secrets and proprietary information to MG. Mazak further contends that it terminated Marlette's employment and that days after Marlette's termination, he set up an Illinois corporation, Defendant DGM Laser Company (DGM). According to Mazak, Marlette then used Mazak's proprietary information to work with MG and compete with Mazak in violation of the Agreements. Mazak includes in its second amended complaint trade claims alleging violations of the Defend Trade Secrets Act (DTSA) of 2016, 18 U.S.C. § 1831 *et seq.* (Count I), claims alleging violations of the Illinois Trade Secrets Act (ITSA), 765 ILCS 1065/1 *et seq.* (Count II), a breach of contract claim brought against Marlette (Count III), a breach of fiduciary duty and duty of loyalty claim brought against Marlette (Count IV), tortious interference with prospective economic advantage (TIPEA) claims brought against MG and DGM (Count V), conversion claims brought against all Defendants (Count VI), and tortious interference with contract (TIC) claims brought against MG and DGM (Count VII). MG now moves to dismiss the claims brought against it in Counts V, VI, and VII.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most

favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

MG argues that the claims brought against MG in Counts V, VI, and VII are preempted by the ITSA. The ITSA preempts state common law claims "when they rest on the conduct that is said to misappropriate trade secrets." *Hecny Transp., Inc. v. Chu*, 430 F.3d 402, 404-05 (7th Cir. 2005); *Act II Jewelry, LLC v. Wooten*, 2016 WL 3671451, at *8 (N.D. Ill. 2016)(stating that the "ITSA preempts all common law

claims that are based on the misappropriation of a trade secret").

I. TIPEA Claim (Count V)

MG argues that the TIPEA claim is connected to the alleged taking of or misuse of confidential information and is preempted by the ITSA. The court first notes that MG devotes arguments relating to allegations in the prior complaints and prior discussions between the parties relating to the viability of certain claims. At this juncture, however, the only complaint before this court is the second amended complaint, and prior discussions concerning prior complaints are not relevant to the instant motion. In the second amended complaint, although Mazak alleges that Marlette stole trade secrets and gave them to MG, Mazak also alleges as part of his TIPEA claim brought against MG that MG "diverted [Mazak's] existing customers" away from Mazak. (SA Compl. Par. 99). The entirety of the alleged misconduct by MG relating to the TIPEA claim is thus not wholly dependent upon the alleged theft of or misuse of trade secrets or any confidential or proprietary information. The TIPEA claim brought against MG thus would not be preempted by the ITSA to the extent that the claim is limited to such other conduct and consequences. Therefore, MG's motion to dismiss the TIPEA claim brought against it is denied.

II. Conversion and TIC Claims (Counts VI-VII)

MG argues that the conversion claim and TIC claim brought against MG are related to the alleged taking of confidential information and is preempted by the

ITSA. Unlike the TIPEA claim, the allegations as to the conversion and TIC claims are closely tied to the misappropriation of trade secrets. Mazak argues that the conversion claims are independently connected to Mazak's physical property that was taken by Marlette and given to MG. Even if Mazak re-characterizes the alleged theft by Marlette as the taking of physical documents and property, the second amended complaint makes clear that the alleged misappropriation involved property that contained confidential or proprietary information. If, for example, Mazak had alleged that Marlette stole an expensive piece of equipment and gave it to MG, such an allegation could support an independent conversion claim outside of the ITSA coverage. Mazak, however, contends that the converted property consists of items such as documents that contained manuals and alarm codes. (Resp. 10). The value of such documents is premised upon the confidential nature of the information they contained and the fact that they were trade secrets.

Mazak also argues in regard to the TIC claim that the taking of such property violated an independent restrictive covenant unrelated to the disclosure of confidential information. While it would theoretically be possible for Mazak to pursue an independent claim based on that restrictive covenant, the second amended complaint suggests that the property and the documents that were misappropriated that contained the confidential information are one and the same. Such a claim clearly rests on the conduct that is said to misappropriate trade secrets and is preempted by the ITSA. Therefore, MG's motion to dismiss the conversion claim (Count V) and TIC claim (Count VI) is granted.

The court also notes that Mazak requests leave to amend if this court grants the partial motion to dismiss. The court first notes that pursuing a motion in a response brief is improper and no proper motion for leave to amend has been filed. The court also notes that Mazak has already been given the opportunity to amend the complaint twice, and Mazak has had ample time and opportunity to present viable claims to the court. Defendants will be prejudiced if Mazak is given yet more opportunities to amend the complaint at this juncture and Mazak has not provided sufficient justification to allow any further amended pleadings at this juncture. Thus, even if Mazak did file a proper motion for leave to amend, the motion would be denied at this juncture.

## CONCLUSION

Based on the foregoing analysis, MG's motion to dismiss the TIPEA claim brought against MG (Count V) is denied, and the motion to dismiss the conversion claim brought against MG (Count VI) and the TIC claim brought against MG (Count VII) is granted.

                                                    _____
                                                    Samuel Der-Yeghiayan
                                                    United States District Court Judge

Dated: August 8, 2017